```
                             United States Bankruptcy Court
                             Middle District of Pennsylvania
In re:                                                              Case No. 20-00290-RNO
Michael Joseph Filipowich                                           Chapter 7
         Debtor                   CERTIFICATE OF NOTICE
District/off: 0314-5          User: admin              Page 1 of 1          Date Rcvd: Jun 01, 2020
                              Form ID: 318             Total Noticed: 14
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 03, 2020.
```
db             Michael Joseph Filipowich,    127 Govier St,   Wilkes Barre, PA 18705-3037
5295272        ATT Mobility,   c/o Bankruptcy,    4331 Communications Dr,   Dallas, TX 75211-1300
5295271        Allied Services,    Attn: Billing Dept,    100 Abington Executive Park,
                Clarks Summit, PA 18411-2260
5295273       ++CAINE & WEINER COMPANY,    12005 FORD ROAD 300,    DALLAS TX 75234-7262
               (address filed with court:  Caine Weiner,    PO Box 55848,   Sherman Oaks, CA 91413-0848)
5295275        Car-Lotta Credit,    3374 Scranton Carbondale Hwy # 2406,    Blakely, PA 18447-2406
5295276        Credence Resource Mana,    PO Box 2300,   Southgate, MI 48195-4300
5295269        Filipowich Michael Joseph,   127 Govier St,   Wilkes Barre, PA 18705-3037
5295270        Law Offices of Jason P Provinzano LLC,    16 W Northampton St,    Wilkes Barre, PA 18701-1708
5295278        M & T Bank Mortgage,   PO Box 900,    Millsboro, DE 19966-0900
5295281       +Progressive Insurance,   6300 Wilson Mills Rd,   Mayfield Village, OH 44143-2182
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
5295274        EDI: CAPITALONE.COM Jun 01 2020 23:43:00      Capital One Bank USA N.A.,   PO Box 30285,
                Salt Lake City, UT 84130-0285
5295277        E-mail/Text: ebnnotifications@creditacceptance.com Jun 01 2020 20:01:15
                Credit Acceptance Corp,    PO Box 5070,   Southfield, MI 48086-5070
5295279        E-mail/Text: Bankruptcies@nragroup.com Jun 01 2020 20:02:14      National Recovery Agen,
                2491 Paxton St,   Harrisburg, PA 17111-1036
5295280        EDI: PRA.COM Jun 01 2020 23:43:00      Portfolio Recov Assoc,   120 Corporate Blvd Ste 100,
                Norfolk, VA 23502-4952
                                                                                              TOTAL: 4

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 03, 2020                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 1, 2020 at the address(es) listed below:
              James  Warmbrodt     on behalf of Creditor    M&T Bank bkgroup@kmllawgroup.com
              Jason Paul Provinzano    on behalf of Debtor 1 Michael Joseph Filipowich MyLawyer@JPPLaw.com,
               G17727@notify.cincompass.com
              Robert P. Sheils, Jr (Trustee)     rsheils@sheilslaw.com,
               PA41@ecfcbis.com;psheldon@sheilslaw.com;jspottesq@sheilslaw.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 4
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | Michael Joseph Filipowich <br> First Name   Middle Name   Last Name | Social Security number or ITIN  xxx–xx–6036 <br> EIN  \_ \_–\_ \_ \_ \_ \_ \_ \_ |
| Debtor 2 <br> (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  \_ \_ \_ \_ <br> EIN  \_ \_–\_ \_ \_ \_ \_ \_ \_ |

United States Bankruptcy Court   Middle District of Pennsylvania

Case number:   5:20–bk–00290–RNO

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

   Michael Joseph Filipowich
   aka Michael Filipowich, aka Michael J. Filipowich

**By the court:**

*[signature: Robt N. Opel II]*

6/1/20

   Honorable Robert N. Opel, II
   United States Bankruptcy Judge
   By: AutoDocketer, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**